# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0654
Filed June 24, 2026

---

**Colby Ray Puckett,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

---

Certiorari to the Iowa District Court for Mills County,
The Honorable Craig M. Dreismeier, Judge.

---

## WRIT ANNULLED

---

Tiffany Kragnes, West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J. Special concurrence by Buller, J.

1

**LANGHOLZ, Judge.**

Colby Puckett challenges the district court's dismissal of his third postconviction-relief ("PCR") application. He argues that the court erred in holding that he was barred from claiming that his sentence was cruel and unusual punishment because that claim had already been rejected in his second PCR application. Because Puckett only raised an illegal-sentence claim, we treat his PCR application as a motion to correct an illegal sentence and his notice of appeal as a petition for writ of certiorari, and we grant the writ. But Puckett's claim that his sentence was cruel and unusual punishment fails on the merits because it was previously adjudicated and he disclaims any reliance on any new constitutional jurisprudence since that prior adjudication. So the court correctly held that Puckett is precluded from reasserting his claim. We thus affirm the court's dismissal of Puckett's claim.

## I.     Background Facts and Proceedings

Over a decade ago, Puckett pleaded guilty to second-degree murder for killing his girlfriend's thirteen-month-old daughter. The district court imposed a fifty-year prison sentence with a 70% mandatory minimum term. And we affirmed on direct appeal. *See State v. Puckett*, No. 14-0250, 2015 WL 3884870 (Iowa Ct. App. June 24, 2015).

Puckett then filed a PCR application mainly focused on claims that his trial counsel was ineffective. After a bench trial, the district court denied the application. And on appeal, we affirmed. *See Puckett v. State*, No. 17-0839, 2018 WL 4922985 (Iowa Ct. App. Oct. 10, 2018).

A couple years later, Puckett filed a second PCR application that, after amendment, asserted only a claim that his sentence was "grossly disproportionate to the actions that led to his conviction" and thus cruel and

unusual punishment under the state and federal constitutions. According to Puckett, he "was a twenty-year old young man with no parenting experience who made a fatal parenting mistake," and "he loved the child and never intended to harm her." After a hearing, at which Puckett testified, the district court denied his claim, holding that the sentence was not "grossly disproportionate to the crime Puckett pled guilty to" and reasoning that prior precedent did not support his claim that his sentence was inappropriate. Puckett did not appeal that final judgment on his second PCR application.

Puckett filed this—his third—PCR application in March 2024 without the assistance of counsel. His application asserted several claims. But after the State moved for summary disposition, Puckett—by then, represented by counsel—claimed only that he should be able to proceed with a claim that "the mandatory minimum [sentence] is unconstitutional as applied to him under the Eighth Amendment to the United States Constitution and Article I, Section 17 of the Iowa Constitution." And so, he argued "that his sentence is grossly disproportionate to his underlying crime," contending that "[w]hile the underlying crime is serious, . . . the crime is a poor reflection of who [he] is as a person." Puckett also argued that the PCR statute of limitations should not bar his application based on a theory that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), was new caselaw that rendered the statute of limitations unconstitutional.[1]

---

[1] After the State conceded at the hearing on the motion for summary disposition that the statute of limitations did not apply since Puckett's sole claim was an illegal-sentence challenge, Puckett seemed to change course, stating that "he's not arguing that—using *Bruen* to expand upon the statute of limitations because motions to correct an illegal sentence can be raised at any time; he's asking that the Court expand the nation's historical traditions test to post-conviction relief cases." But Puckett still made no argument on the merits of his cruel-and-unusual-punishment claim based on *Bruen*.

The district court granted the State's motion and dismissed the case. In addition to rejecting Puckett's argument that *Bruen* provided a basis to avoid the statute of limitations, the court alternatively held that "Puckett is precluded from relitigating issues previously adjudicated." The court reasoned that "Puckett already raised the constitutionality of his sentence in his previous post conviction relief case," and that "[t]he court in that case determined his sentence to be constitutional." Puckett now appeals.

## II. Form of Puckett's Sentence Challenge and Form of Review

Puckett filed this case as a PCR application. But we must treat it "as a motion to correct an illegal sentence" because his only claim—that his sentence was cruel and unusual punishment under the state and federal constitutions—is a challenge that his sentence was illegal. *Dorsey v. State*, 975 N.W.2d 356, 360 (Iowa 2022). This means that the PCR statute of limitations has no applicability to Puckett's claim. *See id.* at 360–61. This also means that Puckett has no right to appeal the court's ruling denying his claim—he can only petition for a writ of certiorari. *See id.* at 360. As the supreme court has in similar cases, we thus consider Puckett's notice of appeal as a petition for writ of certiorari, grant the petition, and proceed to the merits of Puckett's challenge to the district court's denial of his motion to correct an illegal sentence. *See id.*; *see also* Iowa R. App. P. 6.151(1).

## III. Cruel-and-Unusual-Punishment Claims

Because the PCR statute of limitations has no applicability here, we only address the district court's alternative ground for granting the State's motion for summary disposition: that Puckett's prior adjudication of his cruel-and-unusual-punishment claims precludes relitigating the claims. "Under Iowa law, res judicata embraces two concepts: claim preclusion and issue preclusion." *Dorsey*, 975 N.W.2d at 361 (cleaned up). Claim preclusion

generally "holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof" and applies "not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011) (cleaned up). "Issue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Dorsey*, 975 N.W.2d at 361 (cleaned up).

Puckett asserted in this proceeding that his sentence was cruel and unusual punishment under the state and federal constitutions because his sentence was "grossly disproportionate to the actions which led to his conviction." These identical claims were rejected on the merits by the district court in its final judgment denying his second PCR application. *Cf. id.* (holding that neither claim nor issue preclusion applied where first ruling failed to decide state constitutional claim). And Puckett does not rely on any changes in Iowa or federal cruel-and-unusual-punishment jurisprudence since the prior ruling. *Cf. id.* (declining to hold that claim was precluded where defendant sought "to take advantage of . . . new categorical rules in our state constitutional jurisprudence and extend the rationale of [recent cases] to young adult offenders such as himself"). Indeed, his arguments on the claims in the district court and here rely only on longstanding precedent— much of it the same as was analyzed by the district court in the first ruling. And when the State cautiously argued in its appellate brief that *Bruen* could not be any such new jurisprudence, Puckett disclaimed that he was arguing "that *Bruen* changed constitutional law and therefore invalidates the seventy-percent mandatory minimum" in his reply—instead reiterating that "the substance of the appeal is narrower: summary disposition was improper

because this is an as-applied illegal-sentence claim that depends on individualized circumstances and requires a record."

But this narrower argument gives Puckett no assistance in defeating the applicability of claim or issue preclusion. When either applies, a party is barred from relitigation—including the development of a factual record. So Puckett's argument that he needed further development of a record has no bearing on the proper preclusion inquiry.

Puckett also argues that preclusion does not apply because his cruel-and-unusual-punishment claim relies on "later-arising, offender-specific developments—post-sentencing maturation and rehabilitation, and a refined account of the offense context and penological fit." But Puckett fails to cite any authority supporting his claim that these facts are relevant to the proper gross-disproportionality analysis for a cruel-and-unusual-punishment claim. And they are not. *See Dorsey*, 975 N.W.2d at 363–64 (applying the correct "three-part test to determine whether a sentence is grossly disproportionate to the underlying offense" and thus cruel and unusual punishment). And even if his "post-sentencing" conduct in prison had some relevance, he makes no attempt to explain how his current circumstances are any different than when his same claim was adjudicated just a few years ago.

Bottom line, the district court correctly held that Puckett is precluded from relitigating his cruel-and-unusual-punishment claims.

**WRIT ANNULLED.**

Greer, P.J., concurs; Buller, J., specially concurs.

**BULLER, Judge** (specially concurring).

I agree with the majority that this attempted appeal was really a petition for writ of certiorari and that the claim is barred by res judicata. I concur specially because, rather than grant the writ and annul it, I would deny the writ to avoid wasting judicial resources on a frivolous claim.

The rules of appellate procedure require an appellate action proceeding by petition for writ of certiorari to "state the grounds that justify issuance of the writ." Iowa R. App. P. 6.107(1)(d)(4). Puckett makes no such argument. And this case does not justify any exercise of our extraordinary jurisdiction. Puckett had his day in court and then some: He pled guilty; took a direct appeal; filed a first postconviction action, which was denied; appealed that; filed a second postconviction action, which was denied; then filed this action (an illegal-sentence challenge wearing a postconviction hat), which would require certiorari review on appeal. We should not be devoting judicial time to frivolous issues like this one, given the size of our docket, the number of outstanding appeals as a matter of right, and our limited resources.